**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

O, JS-6

<u>**CIVIL MINUTES - GENERAL**</u>

Case No. SACV 10-324 DOC                                                               Date: February 4, 2011

Title: JAIME L. GUERRERO-LAMAS v. DEBRA DEXTER et. al.

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>    Kathy Peterson    </u>                                        <u>    Not Present    </u>
Courtroom Clerk                                                    Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:   ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT                                                    NONE PRESENT

PROCEEDING (IN CHAMBERS): DENYING PETITIONER'S MOTION FOR RELIEF UNDER 28 U.S.C. § 2241; DIRECTING SUPPLEMENTAL FILINGS

       Before the Court is Petitioner Jaime L. Guerrero-Lamas's ("Petitioner") Motion for Relief Under 28 U.S.C. § 2241 ("Motion") (Docket 1) and Request for Appointment of Counsel (Docket 7). The Court is also in receipt of an Opposition to Petitioner's Motion filed by interested party the United States of America ("Respondent") (Docket 3) and Petitioner's Reply (Docket 6). After considering the moving, opposing and replying papers hereon, the Court hereby DENIES Petitioner's Motion for Relief Under U.S.C. § 2241. The Court requests supplemental filings on the matters discussed below.

      **I.**    **BACKGROUND**

       On July 24, 2006, Petitioner pled guilty to a violation of 8 U.S.C. §§ 1326(a), (b)(2): Illegal Alien Found in the United States Following Deportation ("Illegal Reentry"). On December 20, 2006, Petitioner was sentenced on this count to a term of fifty-one months in federal prison. Immediately prior to Petitioner's illegal reentry conviction, Petitioner had been sentenced to nine years in state prison, following a state-level conviction for, *inter alia*, the sale and transportation of methamphetamines. The federal "Judgment and Probation/Commitment Order" ("Order of Judgment") issued by the Court did not specify whether Petitioner's federal term of imprisonment was to run concurrently or consecutively to his state sentence. Based on representations allegedly made to him by his federal defense attorney, Petitioner believes that the terms of imprisonment were meant to run

concurrently.

Petitioner appears to have learned that his state and federal sentences are slated to run consecutively. Because Petitioner believes this to be an erroneous execution of his sentence, Petitioner filed the instant Motion in order to require the Court to "state on the record how the federal term is to be served, concurrently as petitioner believed was part of the plea deal, or consecutively...." Pet.'s Rep. at 4. Petitioner additionally requests that the Court assign him an attorney.

## II. LEGAL STANDARD

### Relief Under 28 U.S.C. § 2241

A habeas petition under 28 U.S.C. § 2241 "challenge[s] the manner, location, or conditions of a sentence's execution." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). By contrast, a petitioner challenging the legality of his sentence must seek relief under § 2255, not § 2241, unless it "appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of [the] detention." 28 U.S.C. § 2255; *see United States v. Pirro*, 104 F.3d 297, 299 (9th Cir. 1997).

### Appointment of Counsel in Habeas Proceeding

Under 18 U.S.C. § 3006A(a)(2), the district court may appoint counsel for an impoverished habeas petitioner whenever "the court determines that the interests of justice so require ..." *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.1984), quoting 18 U.S.C. 3006A(g); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986). The Court "must evaluate both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir.1997) (citations omitted); *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir.1983).

Although there is no constitutional right to appointment of counsel for a habeas petition, *see Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995), in some cases a court must appoint counsel when the "circumstances of the defendant or the difficulties involved in presenting a particular matter are such that a fair and meaningful hearing cannot be had without the aid of counsel." *Dillon v. United States*, 307 F.2d 445, 447 (9th Cir. 1962). Failure to appoint counsel under such circumstances would amount to a denial of due process. *Id.*; *accord Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980). Absent such circumstances, the decision of whether to appoint counsel pursuant to 28 U.S.C. § 3006A is left to the sound discretion of the trial court. *Brown*, 623 F.2d at 61; *Dillon*, 307 F.2d at 447.

## III. DISCUSSION

### Relief Under 28 U.S.C. § 2241

Respondent contends that Petitioner's Motion for Relief Under 28 U.S.C. § 2241 should properly be considered a motion for relief under 28 U.S.C. § 2225. According to Respondent, Petitioner is not attacking the manner or conditions of his sentence, but is making a substantive request that the nature of his sentence be changed. The Court disagrees. Petitioner's Motion, as explained by Petitioner in his Reply, asks the Court to ensure that Petitioner's federal prison term is slated to run concurrently with his state prison term. A term of concurrent imprisonment is the sentence that Petitioner believes to have been assigned to him by the Court. Through his Motion, Petitioner seeks to ensure that his sentence – as he understands it – is executed properly. *See* Pet.'s Rep. at 3 ("Petitioner is not attacking his sentence. Petitioner is attacking the execution of his sentence which was plea bargain[ed] to be served concurrently with the state term petitioner had been serving when the federal sentence was imposed.").

Unfortunately for Petitioner, Petitioner misunderstands the nature of the sentence imposed on him by the Court. 18 U.S.C. § 3584(a) provides a rule of construction for determining whether a federal sentence is concurrent or consecutive. Under the rule, "multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." 18 U.S.C. § 3584(a). In other words, when a federal judge imposes a prison term on a defendant who has already been sentenced in a state or federal proceeding, and whose earlier prison term has yet to be completed, the sentence imposed is consecutive – unless the judge specifically states otherwise in the judgment of conviction. *Reynolds v. Thomas*, 603 F.3d 1144, 1154 (9th Cir. 2010) (Fletcher, J. concurring) (citing 18 U.S.C. § 3584(a)). Here, the judgment of conviction does not specify whether Petitioner's federal prison term is to be concurrent or consecutive to Petitioner's state sentence. As a result, the Court ordered Petitioner to serve consecutive sentences.

For this reason, Petitioner's Motion for Relief Under 28 U.S.C. § 2241 must be denied. The fact that Petitioner's state and federal terms are set to run consecutively is not a defect in the "manner ... or conditions" of Petitioner's sentence. On the contrary, running the terms consecutively is in keeping with the Court's orders in the judgment of conviction. While Petitioner may believe that he does not deserve consecutive prison terms, a motion for relief under 28 U.S.C. § 2241 is not the proper vehicle for challenging the substantive merits of a criminal sentence.

Petitioner's Motion for Relief Under 28 U.S.C. § 2241 is DENIED.

### Possible Claim Under 28 U.S.C. § 2225

In his Reply brief, Petitioner raises issues lending support to a possible claim for relief under 28 U.S.C. § 2225. Specifically, Petitioner states that he "was told at sentencing by counsel that his federal sentence plea deal wi[ll] run with his state sentence that was currently being served." Pet.'s Rep. at 4. With this statement, Petitioner appears to allege that his counsel misinformed him of the contents of his plea deal and/or likely sentence. Depending on the factual circumstances of this alleged misrepresentation, Petitioner may have a claim for ineffective assistance of counsel . *See Iaea v. Sunn*,

800 F.2d 861, 865 (9th Cir. 1986) ("Though a mere inaccurate prediction, standing alone, would not constitute ineffective assistance, [a] gross mischaracterization of the likely outcome [of a plea deal or sentence] falls below the level of competence required of defense attorneys" and constitutes ineffective assistance of counsel) (citations omitted). Habeas petitions based on ineffective assistance of counsel fall under 28 U.S.C. § 2225. Therefore, if Petitioner seeks to challenge his conviction or sentence on ineffective assistance of counsel grounds, he must file a petition for relief pursuant to 28 U.S.C. § 2225.[1]

If Petitioner chooses to file a Motion for Relief under 28 U.S.C. § 2225, Petitioner should detail the facts surrounding any ineffective assistance of counsel claim. The petition should include, for instance, allegations regarding the content of Petitioner's counsel's alleged misrepresentations. Petitioner should also explain when Petitioner first discovered that his state and federal sentences were set to run consecutively and why he did not learn of this information earlier.

### Request for Appointment of Counsel

To the extent that Petitioner is requesting appointment of counsel for his claim under 28 U.S.C. § 2241, this request is hereby DENIED. In determining whether to appoint counsel to an indigent habeas petitioner, a district court considers, among other factors, the Petitioner's likelihood of success on the merits of his habeas claim. *Rand*, 113 F.3d at 1525. As the Court has already denied Petitioner's request for relief under 28 U.S.C. § 2241, appointment of counsel on this claim is not appropriate. Whether the Court chooses to appoint counsel to represent Petitioner on his potential claims under 28 U.S.C. § 2225 depends partly on the content of any petition for relief filed under that provision. Therefore, the Court will revisit this issue in the event that Petitioner elects to file a motion for relief under 28 U.S.C. § 2225

### VI. DISPOSITION

For the reasons stated above, Petitioner's Motion for Relief Under 28 U.S.C. § 2241 is DENIED.

Petitioner's Request for Appointment of Counsel for his claims under 28 U.S.C. § 2241 is also DENIED.

---

[1] Because Respondent treated Petitioner's Motion for Relief under 28 U.S.C. § 2241 as a motion for relief under 28 U.S.C. § 2225, Respondent advanced several arguments in opposition to relief under § 2225. The Court declines to consider these arguments until after it receives an official motion for relief under § 2225 from Petitioner, setting forth the factual circumstances underlying this potential claim.

The content of Petitioner's Reply leads the Court to believe that Petitioner may wish to seek relief under 28 U.S.C. § 2225.  Petitioner shall file any Motion for Relief Under 28 U.S.C. § 2225 by April 15, 2011.  If Petitioner files such a Motion, any Opposition by Respondent will be due no later than May 15, 2011.  Petitioner's Reply to Respondent's Opposition will then be due no later than July 15, 2011.

The Clerk shall serve this minute order on all parties to the action.